[Civ. No. 1259. Fourth Appellate District.—June 16, 1933.]

BAKERSFIELD SANDSTONE BRICK COMPANY (a Corporation), Respondent, v. CASCADE OIL COMPANY (a Corporation) et al., Appellants.

Hazlett & Plummer, Robert J. Sullivan and J. R. Dorsey for Appellants.

Brittan & Mack for Respondent.

ANDREWS, J., *pro tem.*—The appeal is from the judgment and from an order taxing costs. Appellant contends three points are involved: (a) Are costs pertaining to attachment taxable as necessary disbursements; (b) Was it

error to deny motion to strike a new complaint filed after judgment without leave; (c) Will findings based on such complaint support the judgment?

Respondent bases his motion on the ground that the questions presented are not substantial and require no further argument than is involved in the motion.

(1) It seems to be the right to tax and not the amount taxed that appellant regards as proper to present for adjudication. That matter has been settled. The provisions of section 4300b of the Political Code would be enough, but it was determined in *Nisbet* v. *Clio Min. Co.*, 2 Cal. App. 436 [83 Pac. 1077], and *Unwin* v. *Barstow-San Antonio Oil Co.*, 36 Cal. App. 508 [172 Pac. 622].

(2) The findings and judgment recite that an order was made giving leave to file the new complaint and there being no record brought to this court by that transcript overcoming the recitals, it will be presumed in support of the judgment that an order was made to file such pleading to conform to the proof.

A motion was also made before judgment to strike out the pleading, but this was denied. This should be equivalent to leave to file. The validity of the order to file the new pleading does not seem to be one of appellants' claims, but if thought to be here involved the right to permit to amend at or after trial to conform to the proofs has long been established in this state.

(3) If the new pleading was allowed it was the one to which the findings and judgment should relate. These being all the questions presented by this appeal and all now fairly presented and easy of solution, the judgment should be affirmed.

Judgment of the trial court affirmed.

Jennings, Acting P. J., and Marks, J., concurred.